IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIMMIE LEE KENNEDY,** | : | CIVIL NO. 1:CV-06-1208 |
| Petitioner, | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **WARDEN, USP ALLENWOOD,** | : | |
| Respondent | : | |

**AMENDED ORDER**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 testing the legality of petitioner's federal detention. (Doc. 1). For the reasons outlined below, it is appropriate to deny the petition at this preliminary stage of the proceedings. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (stating that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified") (applicable to § 2241 petitions under Rule 1(b)).[1]

I. Background

On January 17, 2006, this Court disposed of a previous § 2241 petition filed by petitioner, which raises the same issues petitioner raises in the case *sub judice*. Kennedy v. USP Allenwood Warden, 2006 WL 126984 (M.D.Pa. Jan. 17, 2006). In the previous matter the following was concluded:

> Whether Petitioner has sought permission to file a further § 2255 motion, and was denied, or he is simply assuming the unavailability of a further § 2255 motion from the specific language of the Code, § 2255 is not inadequate or ineffective merely because Petitioner is unable to meet the gatekeeping requirements and limitations of the section. Dorsainvil, 119 F.3d at 251. If he has sought such permission, and been denied, then the Court must dismiss

---

[1] It is the duty of the Court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

>  the present petition under 28 U.S.C. § 2244(a). If permission has not been sought, he must do so under § 2244(b)(3)(A). At best, Petitioner has only alleged a personal inability to utilize the § 2255 remedy. Although he claims that § 2255 is inadequate or ineffective to test the legality of his detention "because the [D.C.] District Court . . . interpreted and applied § 2255 . . . in a manner that precludes all consideration for an illegal detention that would other [sic] be cognizable under §§ 2241-2255" (Doc. 2 at 29), he does not provide any support for his contention, and the Court is unaware of any. Thus, the Court will summarily dismiss this § 2241 petition.

Id. at *2 (footnotes omitted). The dismissal was "without prejudice to any right Petitioner may have to move in the appropriate court of appeals for an order authorizing the district court to consider a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A)." Id. at *3.

Thereafter, petitioner sought leave to file a second or successive motion pursuant to 28 U.S.C. § 2255 with the United States Court of Appeals for the District of Columbia Circuit. The motion was denied because the claims "do not contain newly discovered evidence and the Supreme Court has not made United States v. Booker, 543 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004) or Apprendi v. New Jersey, 530 U.S. 466 (2000), retroactive to cases on collateral review. See In re Zambrano, 433 F.3d 886 (D.C. Cir. 2006)." (Doc. 9, p. 1).

The present petition was then filed.

II. Discussion

It is well-established that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Claims may not be raised in a § 2241 petition except in "unusual situation[s]" where the remedy by motion under § 2255 would be inadequate or ineffective." 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has

previously denied relief or because the gate keeping provisions of § 2255 make it difficult to prosecute successive motions.  See id. at 251.  Nor do the legislative limitations, such as the statute of limitations or gate keeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); Dorsainvil, 119 F.3d at 251; Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997).  Both the Triestman and Dorsainvil courts held that a § 2255 motion was only "inadequate and ineffective" and allowed a petitioner to bring a § 2241 habeas corpus action, where the denial of a habeas action would raise serious constitutional issues.  Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249.  The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal.  Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251.  Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

       The fact that petitioner has now sought, and been denied leave to file a second or successive § 2255 motion does not alter this Court's original conclusion.  The § 2255 remedy is not inadequate or ineffective merely because petitioner is unable to meet the gatekeeping requirements and limitations of the section.  Dorsainvil, 119 F. 3d at 251.  At best, petitioner has only alleged a personal inability to utilize the § 2255 remedy.  Consequently, the petition will be summarily denied.

III. Order

**AND NOW**, this 26th day of October 2006, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

                                                 s/ Yvette Kane
                                                 Yvette Kane, Chief Judge
                                                 United States District Judge